1

2

3

4

5

6

7

8

9   **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11

| | |
|---|---|
| 12   NIKE, INC., | **Case No.** 2:21-cv-0443 MCS (PVCx) |
| 13        Plaintiff, | |
| 14        v. | **AMENDED STIPULATED PROTECTIVE ORDER** |
| 15   LA LA LAND PRODUCTION & | |
| 16   DESIGN, INC. | |
| 17        and | |
| 18   JOHN GEIGER COLLECTION LLC, | |
| 19 | |
| 20        Defendants. | |
| 21   LA LA LAND PRODUCTION & | |
| DESIGN, INC., | |
| 22        Counterclaimant, | |
| 23 | |
| 24        v. | |
| 25   NIKE, INC. | |
| 26        Counterclaim- | |
| 27        Defendant. | |

28

1. **INTRODUCTION**

    1.1   PURPOSES AND LIMITATIONS

Discovery in this Lanham Act and unfair competition action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2   GOOD CAUSE STATEMENT

This action involves claims and counterclaims brought under the trademark of the United States, California's unfair competition law, and the common law on trademark infringement and unfair competition. The issues in this action include whether certain trademarks and trade dress have been infringed or diluted; whether certain trademarks are invalid as a matter of law or barred from enforcement by, among other things, utilitarian functionality, waiver, acquiescence, naked licensing, and ineligibility; and whether and to what extent Plaintiff has suffered harm, including reputational harm, from the alleged infringement. As such, this action may require production of trade secrets, product design documentation, marketing and business plans, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure

and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, including pricing terms, financial performance, and business plans; information regarding confidential research, including market and competitive research; development, or commercial information, including information implicating privacy rights of third parties such as customer information and third-party agreements regarding royalties and intellectual property rights; proprietary information related to the manufacture of products; proprietary information related to customer and supplier relationships; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

The parties believe good cause exists to limit the disclosure and use of such confidential and proprietary information because disclosure to the public is likely to harm the parties' businesses and competitive standing.  *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to limit disclosure of pricing terms, royalty rates, and guaranteed minimum payment terms because of risk to party's competitive standing); *Rodman v. Safeway, Inc.*, 2013 WL 12173601, at *2 (N.D. Cal. 2013) (sealing "valuable internal information not otherwise made available to the public regarding Safeway.com's pricing strategies, pricing methodology, internal business strategy, and financial performance, as well as transaction and customer data").

Further, disclosure of certain confidential and proprietary materials and information, including customer and supplier lists, supplier information, and product design documents, to the other party and its employees therefore creates a tangible risk of competitive harm.  Thus, the parties believe certain confidential and proprietary materials and information in this case should be disclosed to outside

3

counsel only and not to the receiving party or its employees.  *See Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 531 (rejecting modification to protective order to allow in-house employee to view records because potential injury from disclosure to employees of opposing party "would be great, because the information could be used to duplicate [party's] products, compete for its customers, or interfere with its business plan");  *Nutratech, Inc. v. Syntech (SSPF) Int'l., Inc.*, 242 F.R.D. 552, 555-56 (C.D. Cal. 2007) (recognizing that in cases involving claims of trademark infringement, production of customer and supplier lists "are customarily produced subject to an 'attorney's eyes only' order").

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1    Action: the above-captioned federal lawsuit.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL" Information or Items:  "CONFIDENTIAL" information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials, schematics, drawings, specifications, manufacturing techniques and know-how, proprietary supplier and customer relationships, or other highly sensitive, trade secret technical information not yet publicly disclosed in which the Party or Non-party has an interest that such materials should be protected from disclosure to other parties, and should be strictly viewable only by Outside Counsel of Record or others as described in Section 7.3.

2.9:    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>**SCOPE**</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

6

4.     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "Confidentiality Legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions, a Party or Non-party may, if appropriate designate specific portions of the transcript "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" at the deposition or within thirty (30) days of completion of the final transcript, and any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Any portions not designated within the thirty (30) day timeframe shall thereafter be treated as non-Protected Material.  Until the expiration of the thirty (30) day timeframe, deposition transcripts shall be treated as HIGHLY CONFIDENTIAL.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

(d)  for information produced in non-tangible form, that the Producing Party apply the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the filename, subject line, or in some other manner reasonably calculated to apprise a person of the designation.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, employees (including House Counsel), and insurers (including said insurers' coverage counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided, however, that the insurers' representatives and/or said insurers' coverage counsel have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and that the signed Acknowledgement and Agreement to Be Bound is:

(1) delivered to counsel for all other Parties within two business days of execution; or,

(2) delivered to counsel for all other Parties prior to the disclosure of Protected Material to the insurer's representatives and/or the insurers' coverage counsel;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however, that if the Expert is a current or former employee or consultant of the Receiving Party, other than a consultant retained by the Receiving Party solely for the purposes of litigation, the signed Acknowledgement and Agreement to Be Bound is:

(1) delivered to counsel for all other Parties within two business days of execution; or,

(2) delivered to counsel for all other Parties prior to the disclosure of Protected Material to the Expert;

(d)   the Court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.  Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to those persons listed in Sections 7.2 (a), (c), (d), (e), (f), (g), and (i).

7.4  Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Nike In-House Counsel or Legal Staff.

(a) Notwithstanding Section 7.3 above, Plaintiff and Counterclaim-Defendant Nike, Inc. ("Nike") may disclose information or items designated "HIGHLY CONFIDENTIAL" to Nike in-house litigation counsel or litigation legal staff who do not participate in shoe design or other aspects of Nike's business that are likely to render disclosure of technical information a business risk to the Designating Party, provided that: (1) Nike has received prior approval from the Designating Party by disclosing the name of the Nike in-house litigation counsel or litigation legal staff

12

to whom the "HIGHLY CONFIDENTIAL" documents will be disclosed; (2)the Nike in-house litigation counsel or litigation legal staff has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) Nike has provided the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) to the Designating Party in advance of the disclosure.

(b)  Notwithstanding Section 7.3 above, Defendant and Counterclaimant and La La Land Production & Design Inc. ("LLL") may disclose information or items designated "HIGHLY CONFIDENTIAL" to its insurers and its insurers' coverage counsel, provided that: (1) LLL has received prior approval from the Designating Party by disclosing the name of the insurers' representatives and/or coverage counsel to whom the "HIGHLY CONFIDENTIAL" documents will be disclosed; (2) LLL's insurers and/or LLL's insurers' coverage counsel has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) LLL has provided the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) to the Designating Party in advance of the disclosure.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

**10.**   <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.**   <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

11.1. <u>No Waiver</u>. Pursuant to Federal Rule of Evidence 502, the Court orders that an inadvertent disclosure of privileged or protected material does not waive privilege or protection in any other federal or state proceeding.

11.2. <u>Procedure for Return</u>. If information subject to a claim of privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a Producing Party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned or confirmed in writing to be permanently destroyed (i.e., permanently deleted, shredded, etc.) within two (2) court days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or protection. All copies of inadvertently produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a Receiving Party objects to the return of such information within the two (2) court day period described above, the Receiving Party may move the Court for an order determining the status of the information following the procedures of Local Rule 37.1. Pending the ruling, a Receiving Party may retain the inadvertently produced documents in a sealed envelope and shall not make any use of such information.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16

12.3   <u>Filing Protected Material</u>.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

**13.    <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

GOOD CAUSE HAVING BEEN SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: December 9, 2021

_____
HON. PEDRO V. CASTILLO
United States Magistrate Judge

18

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

19