UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LA LA LAND PRODUCTION & DESIGN, INC. and JOHN GEIGER COLLECTION LLC, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 2:21-cv-00443-MCS-PVC <br><br> **ORDER DENYING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND SEVER CLAIMS (ECF NO. 82)** |

Defendant and Counterclaimant John Geiger Collection LLC filed a motion to dismiss the First Amended Complaint for failure to state a claim and a motion to sever claims against it from the claims against La La Land Production & Design, Inc. (Mot., ECF No. 82.) Plaintiff and Counterclaim Defendant Nike, Inc. opposed the motion, (Opp'n, ECF No. 86), and Defendant replied, (ECF No. 88). The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

///

1

## I. BACKGROUND

Plaintiff brings this action "to hold accountable all bad actors" who "wrongfully trade off of Nike's famous brand and dupe consumers into purchasing fake Nike products." (FAC ¶ 1, ECF No. 55.) The relevant product here is the Air Force 1 sneaker, first introduced in 1982. (*Id.* ¶ 5.) Plaintiff has accused Defendant of working with codefendant La La Land "to produce shoes that bear Nike's Air Force 1 trade dress." (*Id.* ¶ 13.) Nike has promoted sneakers bearing the Air Force 1 trade dress for decades and has generated hundreds of millions of dollars of revenue in the United States alone. (*Id.* ¶¶ 62–63.) Nike has two registered trademarks for the Air Force 1 trade dress: Registration No. 3,451,905 and Registration No. 5,820,374. (*Id.* ¶ 64.)

///

Plaintiff asserts Defendant has infringed the Air Force 1 marks with several products. (*Id.* ¶ 77.) The infringing products are as follows:

| Air Force 1 trade dress | Genuine Air Force 1 Shoes | Infringing/Geiger Products |
|---|---|---|

(*Id.*)

Plaintiff brings claims against Defendant for trademark infringement under the Lanham Act, (*id.* ¶¶ 94–102), false designation of origin under the Lanham Act, (*id.* ¶¶ 103–110), unfair competition under California Unfair Competition Law, (*id.* ¶¶ 122–29), and common law trademark infringement and unfair competition under California law, (*id.* ¶¶ 130–38).

///

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B. Rule 20 and 21

Federal Rule of Civil Procedure 20(a)(2) allows the joinder of persons in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Federal Rule of Civil Procedure 20(b) allows a court to "issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Federal Rule of Civil Procedure 21 allows the court to "sever any claim against a party."

Joinder is inappropriate if either of the elements of Rule 20 are not met or if joinder would not "comport with the principles of fundamental fairness" but would instead result in prejudice to either side. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Courts focus on the ability to meaningfully participate in the case and the ability to respond to and conduct discovery when evaluating potential prejudice. *Spellbound Dev. Grp., Inc. v. Pac. Handy Cutter, Inc.*, No. SACV 09-951 DOC (ANx), 2010 WL 11509228, at *3 (C.D. Cal. Aug. 31, 2010).

### III. DISCUSSION

#### A. Motion to Dismiss

Defendant bases its motion to dismiss in part on evidence that does not appear in the complaint or that is not fairly incorporated in the complaint. *See, e.g.*, Mot. 3–9. "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint . . . ." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The Court declines to consider this evidence at the motion to dismiss stage. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ( "[E]xtraneous evidence should not be considered in ruling on a motion to dismiss."); *see also* Fed. R. Civ. P. 12(d) (requiring the court on a motion under 12(b)(6) to either exclude matters outside the pleadings or treat the motion as one for summary judgment under Rule 56).

Defendant argues that much of its extraneous evidence should be considered in ruling on this motion under the incorporation by reference doctrine. Reply 2–5. A court may consider documents incorporated by reference in the complaint without converting a Rule 12(b)(6) motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The incorporation by reference doctrine applies only when a document is

central to a plaintiff's claim and no party questions its authenticity." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1024 (C.D. Cal. 2015) (collecting cases). A document "may be incorporated by reference . . . if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. Applying the incorporation by reference doctrine is inappropriate where a plaintiff mentions but does not extensively reference a document, and where a document is not integral to a claim. See *id*. ("[M]ere mention of the existence of a document is insufficient to incorporate the contents of a document by reference[.]" (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (2d ed. 1990))).

Defendant argues Plaintiff incorporates the entirety of Defendant's website. Reply 3. The First Amended Complaint only references Defendant's website three times. FAC ¶¶ 21, 77, 78. Two paragraphs only reference the website to show that Defendant sells the allegedly infringing products. *Id.* ¶¶ 21, 78. Only one paragraph discusses the contents of the website in any detail, and even then, that paragraph contains a photograph of the allegedly infringing products that appear on the website. FAC ¶ 77. These allegations do not make the website integral to any claim. Thus, the Court declines to consider any extraneous evidence outside the First Amended Complaint in resolving this motion to dismiss.

### 1. Lanham Act Trademark Infringement (Count I)

The Lanham Act provides an action for infringement of a registered mark. 15 U.S.C. § 1114(1). To demonstrate a viable infringement claim, "a plaintiff must demonstrate that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009).

"[A] product feature is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the

1 article, that is, if exclusive use of the feature would put competitors at a significant, non-
2 reputation-related disadvantage." *Qualitex Co. v. Jacobson Prods., Co., Inc.*, 514 U.S.
3 159, 165 (1995) (internal quotation marks omitted). The Ninth Circuit considers four
4 factors when assessing functionality: "(1) whether the design yields a utilitarian
5 advantage, (2) whether alternative designs are available, (3) whether advertising touts
6 the utilitarian advantages of the design, and (4) whether the particular design results
7 from a comparatively simple or inexpensive method of manufacture." *Disc Golf Ass'n,*
8 *Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998). Functionality is a
9 question of fact. *See, e.g.*, *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258
10 (9th Cir. 2001); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843 (9th
11 Cir. 1987).

12 A trade dress "attains secondary meaning when the purchasing public associates
13 the dress with a particular source." *Clicks Billiards*, 251 F.3d at 1262 (quoting
14 *Fuddruckers*, 826 F.3d at 843). Factors a court considers in assessing secondary
15 meaning include: (1) whether actual purchasers associate a particular product
16 configuration with a particular source; (2) the degree and manner of the source's
17 advertising; (3) the length and manner of the source's use of the configuration; and
18 (4) whether the source's use of the configuration has been exclusive. *Clamp Mfg. Co.,*
19 *Inc. v. Enco Mfg. Co., Inc.*, 870 F.2d 512, 517 (9th Cir. 1989). "Whether a particular
20 trade dress has acquired secondary meaning is a question of fact." *Clicks Billiards*, 251
21 F.3d at 1262 (cleaned up).

22 In determining whether confusion between related goods is likely, courts
23 consider the following factors: (1) the strength of the mark; (2) the proximity or
24 relatedness of the goods; (3) the similarity of the marks; (4) evidence of actual
25 confusion; (5) marketing channels used; (6) the type of goods and the degree of care
26 likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and
27 (8) the likelihood of expansion of the product lines. *E. & J. Gallo Winery v. Gallo Cattle*
28 *Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). A plaintiff does not need to plead that every

factor weighs in its favor to survive a motion to dismiss. *See Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty.*, No. CV F 09-1988 LJO SMS, 2010 WL 2218813, at *11 (E.D. Cal. June 1, 2010) ("Here, the allegations are sufficient to allege a likelihood of confusion pursuant to a number of the . . . factors.").

Defendant disputes each element of the trade dress infringement claim. Mot. 11–18.

Defendant argues the Air Force 1 trade dress encompasses functional elements because each of the elements are functional. Mot. 14–15. Defendant's arguments are either unsupported or based on extraneous evidence. Moreover, Defendant does not explain why the different elements in the Air Force 1 trade dresses cannot be "combined into a non-functional aesthetic whole." *Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 5:18-cv-2436 DDP (KKx), 2019 WL 1260634, at *4 (C.D. Cal. Mar. 18, 2019). Because functionality is a question of fact and Defendant offers little argument on this factor, the Court declines to "turn the litigation process on its head" by "granting a dismissal motion based upon" the belief that "the complaint does not make out a claim for protectable trade dress." *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014). Plaintiff has adequately pleaded that the total composition of the Air Force 1 sneakers is nonfunctional in light of the *Disc Golf* factors. FAC ¶¶ 57–63.

Defendant argues Plaintiff has not adequately alleged secondary meaning because Plaintiff has not alleged it has sold an Air Force 1 shoe without Nike's iconic Swoosh mark and because Plaintiff has inconsistently used the Air Force 1 trade dress. Mot. 11–13. The inconsistent use argument relies entirely on extrinsic evidence, so the Court declines to consider it. The presence of the Swoosh mark on Air Force 1 shoes does not defeat Plaintiff's allegations supporting secondary meaning. The First Amended Complaint describes Plaintiff's marketing of the Air Force 1 shoes, the extensive sales of these shoes, and the recognition these shoes garner in the broader

community. FAC ¶¶ 58–63. Under the *Clamp* factors, Plaintiff alleges enough facts to make a finding for Plaintiff on the secondary meaning element "plausible on its face." *Iqbal*, 556 U.S. at 678.

Finally, Defendant's arguments against a substantial likelihood of confusion either rely on extrinsic evidence or the assertion that a visual comparison of the trade dress and the accused products compels a dismissal. Mot. 16–17. The only Ninth Circuit cases Defendant cites that granted a dismissal on dissimilarity show this argument is meritless. In *Mintz v. Subaru of America, Inc.*, the Ninth Circuit affirmed a dismissal of a complaint for trademark infringement because the goods were obviously dissimilar. 716 F. App'x 618, 620–21 (9th Cir. 2017). There were only two alleged similarities between the goods. First, the word "love" appeared in phrases on both goods, "Share the Love" and "A World of Love, for You and Those You Love." Second, a hand appeared in images on both goods, where one hand was circumscribed by a heart and includes an entire body, and where the other hand radiated blue beams and is not connected to a body. *Id.* The other case, *Toho Co., Ltd. v. Sears, Roebuck & Co.*, affirmed dismissal of a complaint for trademark infringement where the good were unrelated as a matter of law. 645 F.2d 788, 790–91 (9th Cir. 1981). The goods in *Todo* were garbage bags and literary works or toys, and the words were "BAGZILLA" and "GODZILLA." *Id.* Unlike *Mintz*, a simple visual comparison of the trade dress and the accused products here demonstrate that a substantial likelihood of confusion is "plausible on its face." *Iqbal*, 556 U.S. at 678. Unlike *Todo*, the goods here are both sneakers, so the goods are not "unrelated as a matter of law." *Todo*, 645 F.2d at 790.

Plaintiff adequately pleads each element of a claim for trademark infringement. The Court denies the motion to dismiss Count I.

2. False Designation of Origin (Count II)

Under the Lanham Act, "[a]ny person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation or origin . . . which . . . is likely to cause

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association . . . , or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such an act." 15 U.S.C. § 1125(a)(1).

The parties dispute the applicable legal standard for this claim. Defendant argues for the standard set forth in *Deckers Outdoor Corp. v. J.C. Penney Co. Inc.*, which states that a misappropriation of trade dress claim cannot be brought as a false designation of origin claim. 45 F. Supp. 3d 1181, 1186 (C.D. Cal. 2014); *see* Mot. 19. Other courts in this district have rejected this proposition from *Deckers* as an incorrect statement of the law, however. *See, e.g.*, *Atari Interactive, Inc. v. Hyperkin Inc.*, No. 2:19-cv-00608-CAS (AFMx), 2020 WL 4287584, at *16 (C.D. Cal. July 27, 2020); *Green Crush LLC v. Paradise Splash I, Inc.*, No. SACV 17-cv-01856-CJC (JDEx), 2018 WL 4940825, at *6 n.3 (C.D. Cal. May 3, 2018).

The Court respectfully agrees with Plaintiff that the *Deckers* court came to the wrong conclusion. *Deckers* extended the reasoning of *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). *Dastar* only "addressed the narrow instance in which a plaintiff alleges the defendant has violated the Lanham Act by falsely designating the origin of a 'communicative product,' i.e., a product 'that is valued not primarily for its physical qualities, such as a hammer, but for the intellectual content that it conveys, such as a book or . . . a video.'" *Mercado Latino, Inc. v. Indio Prods., Inc.*, 649 F. App'x 633, 634 (9th Cir. 2016) (ellipsis in original) (quoting *Dastar*, 539 U.S. at 33). The holding in *Dastar* was animated by a concern of conflict between trademark law and a copyright law regime that is designed to protect communicative works. *See Dastar*, 539 U.S. at 34–38. The Court declines to extend *Dastar* outside the realm where the Lanham Act might conflict with copyright law and instead concludes that Plaintiff "may bring its claim for trade dress infringement" under § 1125(a). *Mercado Latino*, 649 F. App'x at 635. Because Defendant argues for dismissal solely

10

on the basis of *Deckers*, the Court denies the motion to dismiss the claim for false designation of origin.

### 3. Unfair Competition Law (Count IV)

Defendant argues that the Unfair Competition Law claim should be dismissed on the same basis the Lanham Act claims should be dismissed. Mot. 19. For the same reasons set forth above, the Court denies the motion to dismiss the Unfair Competition Law claim.

### 4. Common Law Trademark Infringement (Count V)

Defendant asks the Court to dismiss the common law trademark infringement and unfair competition claim because Plaintiff has not shown a likelihood of confusion and for the same reasons it seeks to dismiss the other claims. Mot. 20. For the same reasons discussed above, the Court denies the motion to dismiss the common law trademark infringement and unfair competition claim.

## B. Motion to Sever

Defendant argues the Court should sever the claims against it because the acts by Defendant and codefendant La La Land do not arise out of the same transaction or occurrence, because there is no factual commonality between the claims against Defendant and La La Land, and because joinder is fundamentally unfair. Mot. 20–25. Each of these arguments fails.

Plaintiff alleges that La La Land manufactured infringing goods that Defendant then sold. FAC ¶¶ 76–79. One entity supplying infringing goods for another to sell meets the same transaction or occurrence requirement of Rule 20(a)(2)(A). *Cf. Brighton Collectibles, Inc. v. RK Tex. Leather Mfg.*, No. 10-CV-419-GPC (WVG), 2013 WL 2631333, at *4 (S.D. Cal. June 11, 2013) (finding Rule 20 satisfied where "[b]oth sets of Defendants supplied allegedly infringing products to Texas Leather to be sold"). Plaintiff alleges both La La Land and Defendant infringe the Air Force 1 trademarks by manufacturing and selling these goods, FAC ¶¶ 76–79, so there are common questions of law and fact under Rule 20(a)(2)(B).

| | |
|---|---|
| 1 | Defendant contends it would be unfair to require it to proceed here because |
| 2 | Plaintiff added Defendant to the case well into the discovery phase of the litigation. |
| 3 | Mot. 24. Defendant still has the ability to meaningfully participate in the case and |
| 4 | conduct discovery. Non-expert discovery closes on June 15, 2022, and expert discovery |
| 5 | closes on August 29, 2022. The deadline to hear any other dispositive motion is August |
| 6 | 29, 2022. ECF No. 73. Defendant also faces no prejudice. Defendant argues that the |
| 7 | presence of La La Land in this suit will confuse any factfinder and that the suit is |
| 8 | otherwise baseless, Mot. 24–25, but such arguments are either premature at this stage |
| 9 | or are wrong for the reasons discussed in this order. |
| 10 | The Court denies the motion to sever. |

**IV.  CONCLUSION**

The Court denies the motion. Defendant shall file an answer within 14 days of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: February 8, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE